## Waters's Adoption.

*Parent and child — Adoption — Forfeiture of right of custody—Parental consent—Act of May 28, 1915.*

1. Where the parents of a child are living, an affirmative decree of adoption of the child can only be entered under the Act of May 28, 1915, P. L. 580, with the parents' consent, unless such parential right has been forfeited for drunkenness, profligacy or neglect to provide for the child.

2. Where a man who has married a divorced woman, petitions for the adoption of a child of his wife by her first husband, and the father of the child objects, such objection will be sustained, where it appears that the father is sober, of good moral character, fond of the child, and capable of and willing to support her.

Petition for adoption. C. P. Lackawanna Co., March T., 1924, No. 318.

*George Morrow*, for petition; *W. B. Landis*, contra.

Newcomb, J., March 21, 1924.—The circumstances are somewhat out of the ordinary.

The petitioner stands in the relation of a quasi-stepfather to the girl, Evelyn, sought to be adopted. Her parents, Mr. and Mrs. Waters, had been divorced and she had remained with the mother. Eventually the mother married Mr. Evans, the petitioner, and since then Evelyn has lived with him as a member of his family. The avowed reason for this application is the child's desire to bear the same name by which the mother is now known.

On the supposition that she will continue to have her home with the mother, such reason would in itself be all right enough, though its bearing on the merits might be doubtful.

The ultimate question in such case is merely that of her permanent welfare. No doubt, petitioner and his home are free from objection, and, therefore, on the score of her welfare, there need be no misgivings. But the trouble is that the jurisdiction is strictly statutory and the conditions under which it can be exercised somewhat limited.

Thus, where the parents are living, an affirmative decree is conditioned upon their consent, save only where the parental right must, on due proof,

4 D. & C.

be deemed to have been forfeited for drunkenness, profligacy, etc., or neglect to provide for the child: Act of May 28, 1915, P. L. 580. Such proof is lacking here.

The father, who contests the proceeding, is a sober man. His moral character has not been questioned. For years he has been in the service of one employer. That he has at all times cherished a father's affection for this little girl is not disputed. That he has been quite ready to provide a home for her is asserted by him and not contradicted. Indeed, it is freely admitted by Mrs. Evans that she not only never asked him for any contribution to the child's support, but that any attempt on his part to so contribute would have been futile, and any offer thereof would have been spurned.

Without prolonging the discussion, it must suffice to say that in such state of facts the father's protest cannot be disregarded. It may be the child would have a standing to apply for leave to change her name; but that is a question about which no opinion can now be expressed.

The motion is denied and the petition dismissed.

From William A. Wilcox, Scranton, Pa.